Dear Mr. Coenen:
On behalf of the Tensas Basin Levee District (the "District") you requested the opinion of this office concerning how the levee board can comply with the collateralization requirements of R.S. 39:1221 if federal law has changed.
You advised that the District received correspondence from a savings and loan association stating that the Federal Home Loan Bank Board had amended its standard collateral agreement. The agreement now requires that collateralized deposit customers be advised "of the Federal Deposit Insurance Corporation's and the Resolution Trust Corporation's powers to invalidate, disaffirm, or repudiate contracts if the pledgor is placed into conservatorship or receivership."
12 U.S.C.S. 1821(e) authorizes a conservator or receiver for any insured depository institution, in addition to any other rights it may have, to disaffirm or repudiate any contract or lease entered into before the appointment of the conservator or receiver (i) to which such institution is a party; (ii) the performance of which the conservator or receiver, in its discretion, determines to be burdensome; and (iii) the disaffirmance or repudiation of which the conservator or receiver determines, in its discretion, will promote the orderly administration of the institution's affairs. If the contract is repudiated, generally the liability of the conservator or receiver is limited to actual direct compensatory damages. Actual direct compensatory damages does not include punitive or exemplary damages, damages for lost profits or opportunity or damages for pain and suffering.
There is an exception to the authority to repudiate contracts in12 U.S.C.S. 1821(e)(13) for any security interest in the assets of the institution securing any such extension of credit from any Federal home loan bank or Federal Reserve Bank.
R.S. 39:1225 requires the amount of security for deposits to be equal to one hundred per cent of the amount on deposit to the credit of each depositing authority except that portion of the deposits insured by any governmental agency insuring bank deposits which is organized under the laws of the United States.
Based upon the foregoing, it is the opinion of this office that local depositing authorities are required to collateralize the deposit of their monies, to the extent that same are not insured by the Federal Deposit Insurance Corporation. If the institution in which the monies are on deposit is placed in conservatorship or receivership, the collateral agreement between the Federal Reserve Board and the institution and any agreement between the institution and the District may be repudiated by the conservator or the receiver. In conversations with attorneys for the F.D.I.C., it was indicated to the undersigned that the current policy of the F.D.I.C. is to cash in the securities and pay off the public entity. However, there is nothing which would prohibit the agreement from being repudiated. If the agreement is repudiated, it is suggested that the District move its funds out of the institution and into another institution as soon as practicable. Of course, once the monies are deposited into another financial institution, they must be collateralized.
Trusting this adequately responds to your request, I remain
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS Assistant Attorney General
MSH:jav